No. 701

WOOSTER (City) v. ARBENZ

No. 19914. Supreme Court

On motion to certify. Dock. June 21, 1926; 4 Abs. 404.

798. MUNICIPAL CORPORATIONS—Is the repair of streets by a municipal corporation, as a matter of law, work in its private or proprietary capacity, and does the negligence therefore of an employee in repairing a street subject to the city to liability for damages resulting from such negligence?

This action was brought by Harry Arbenz in the Wayne Common Pleas against the city of Wooster for personal injuries alleged to be caused by negligence of an employee of the city while repairing a street.

It appears that Arbenz was injured by an employee's alleged negligence in driving a truck while hauling dirt to repair a street. The city filed an answer to the petition denying liability and setting up the defense of contributory negligence to which answer no reply was filed.

The judgment of the Common Pleas rendered on motion for a directed verdict in favor of the city was reversed by the Court of Appeals.

The city in the Supreme Court contends:

1. That the duty of keeping the streets in repair is a governmental function for the benefit of the public and not done in its private or proprietary capacity and that it is therefore not liable for any damages arising from negligence of its employees in the prosecution of such work.

2. That the city is entitled to judgment because Arbenz failed to file a reply to the answer filed by the city setting up contributory negligence.

Attorneys—O. D. Kaufman, B. G. Hay for City; Critchfield & Etling for Arbenz; all of Wooster.

---

No. 702

SZAKOVITZ et v. GREAT LAKES REF. CO.

No. 19915. Supreme Court

On motion to certify. Dock. June 21, 1926; 4 Abs. 404.

355. DAMAGES—Where a municipal corporation, by ordinance, vacates and abandons certain streets and alleys and thereupon the owner of property adjacent to such vacated streets and alleys obstructs the view and the right of ingress and egress of an owner of property also adjacent to said street and alley, what is the measure of damages for the injury resulting by virtue of inconvenience and depreciation of the value of property?

George and Mary Szakovitz brought this action originally in the Lucas Common Pleas against the Great Lakes Refining Company and others for alternative relief for mandatory injunction to remove the obstructions in certain vacated streets and alleys or if such was deemed inequitable for damages arising from such obstructions.

It appears that the city council of Toledo vacated certain streets and alleys which abutted certain properties belonging to the parties of this action. Upon the passage of the ordinance the Great Lakes Refining Company immediately constructed certain buildings and fences thereby obstructing the view to the Maumee River and the possibility of approaching the river from property belonging to Szakovitz.

The judgment of the Common Pleas in directing a verdict for the Company after the plaintiffs' election to accept damages, was affirmed by the Court of Appeals.

Szakovitz in the Supreme Court contends:

1. That the ordinance was void because in violation of the charter of Toledo and the Constitution of Ohio in that it impaired a right of way of a property owner and deprived plaintiffs of their property rights.

2. That Szakovitz has an easement of view and of ingress and egress to the river of which he cannot be deprived without receiving compensation.

3. That they had sustained damages different than that of the general public caused by the closing of the street and alley.

4. That they had suffered a depreciation in the value of their property.

5. That the measure of damages is the difference in the value of the property before the injury and after the injury.

6. That the Common Pleas erred in directing a verdict because evidence had been introduced to show damage sustained by Szakovitz.

Attorneys—Manton & Manton, for Szakovitz; Tyler, McMahon, Smith & Wilson for Company; all of Toledo.